RIEBEN *vs.* HICKS.

*In the matter of proving the last Will and Testament of*
ELIZA H. RIEBEN, *deceased.*

IF the testamentary declaration be made at the time of subscribing the will, as part of the transaction, the requisition of the statute is answered, notwithstanding it was made before the subscription.

To hold a party seeking to execute a will, to a strict order in the performance of the statutory requisites, does not seem to have been contemplated by the statute. When it is directed that the declaration shall be made at the time of the subscription, *time* is used in the sense of *occasion, season,* and not in its extreme strictness as indicative of a precise instant.

The statute of wills is not to be construed strictly, except as to the evils it was designed to prevent; in all other respects it is to be construed liberally, and when the essential requisites are satisfactorily proved, the objects of the law are answered.

The testamentary declaration may be incorporate with the request to the witnesses to attest. Simple performance of any one of the statutory requisites, will not be taken for performance of any other; but performance of two or more *uno tempore* is not void because there is a joint or connected performance.

B. L. DUNNING,
WILLIAM FULLERTON, *for Executors.*

A. L. ROBERTSON, *for Husband.*
F. B. CUTTING, *for Contestants.*

THE SURROGATE.—The single question arising on this probate is, whether the decedent made a proper and sufficient statutory declaration that the instrument which she signed and the witnesses attested, was her last will and testament. One of the witnesses testified, that she was called into the room, and found Dr. Cheeseman and the decedent there alone; the decedent was sitting up in bed, and the doctor standing by the bed-side. "Dr. Cheeseman asked her if she acknowledged that to be her last will and testament; she said yes; the paper was then in Dr. Cheeseman's hands; he had no

other paper in his hand." The doctor then inquired if the decedent wished them to sign it as witnesses, and she replied in the affirmative, wrote her name, and the witnesses thereupon attested the paper in her presence.

Dr. Cheeseman, who was the decedent's attending physician during her last illness, drafted the will, read it to her, and inquired, if "she wished to make that her will, and whether she wished it to be done now." The doctor testifies, that she answered in the affirmative, and signed the instrument,—that the other subscribing witness was present, and "saw her sign it," and was also present when he asked the decedent "if that was her will." "I asked Mrs. Rieben if she wished to make that her last will, she answered, 'yes,' audibly." Again he says, "I asked Mrs. Rieben whether she wished us, myself and this girl, to be subscribing witnesses to this instrument, her last will and testament, and she said 'Yes'; I and the girl signed the will in the room at the bedside, on the desk, and Mrs. Rieben saw us sign and requested it to be done." Upon his cross-examination the doctor at first stated, that after the deceased signed the will, he did not know that she made any remark "except as to her signature, that she did not know it would be admitted, stating it was written so badly." But upon further inquiry he testified, that "after she signed the will," she replied to two questions he put to her. He says, "I asked her if she wished us to be subscribing witnesses to this her last will and testament, and to that she said 'I do.' She answered yes, to the question by me, what I should do with the instrument, whether I should take charge of it?"

On this evidence I think there is sufficient proof in point of fact, of a testamentary declaration, both before and after the decedent subscribed the instrument. Both witnesses agree that before the subscription the nature of the paper was made known,—Dr. Cheeseman putting the question, to which she answered affirmatively, in this shape, "I asked Mrs. Riebens if she wished to make that her last will?"—and the other witness putting the question in this form, " Dr.

Cheeseman asked her if she acknowledged that to be her last will and testament." I think either of these inquiries, if properly responded to by the decedent, constituted in connection with a satisfactory answer, the declaration required by the statute. They were made as part of a transaction then and there in the process of performance, and they were present and not future in their reference and application. In conjunction with the answers they made known and declared, explicitly and openly, the nature of the instrument and the character of the act. The affirmation of the decedent had the same force as if she had herself said, " I wish to make this my last will," or, " I acknowledge this to be my last will and testament." Because this declaration was made before the decedent subscribed the paper is, in my judgment, no reason for rejecting it as a component part of the affair. It was very clearly made immediately and not remotely before, it was made as part of the thing to be done, it was a ceremony and used as such, it was the very ceremony required by the statute, and in its very form and manner its object and intent were plainly to make known to the witnesses as an integral portion of the act, its testamentary character. To hold a party seeking to execute a will to a strict order in the performance of the statutory requisites, does not seem to have been contemplated by the statute, and considering the infirmity of the human memory, would so far as my experience extends, lead to fatal consequences. Recollection generally extends to the substance of events, but is less tenacious of their precise order, when nearly contemporaneous in occurrence, and while we may remember sufficiently the leading outlines, it is far more difficult to give their exact arrangement. The statute says no more than that the declaration shall be made at the time of subscription or acknowledgment of the subscription. Time is used here in the sense of occasion, season, and not in its extreme strictness as indicative of a precise instant. If the declaration is to be made at the very moment the testator is subscribing, what will can be considered as safely executed,

until the memory of the witnesses has passed the rigid ordeal of recollecting to a hair's breadth the exact instant of the making of an oral statement made sometimes many years before. Or if the declaration is to be made at the time of acknowledging the subscription, how can that be done?— how can two things be said *uno flatu?*—and if they are not to be said *uno flatu*, but one precedes or succeeds the other, then one is not in absolute strictness said at the same time the other is said. The truth is, this statute is not to be construed strictly, except as to the evils it was designed to prevent—in all other respects it is to be construed liberally, —and therefore when the essential requisites to the due execution of a testament which it was the object of the statute to secure, are clearly and satisfactorily proved, justice will be thwarted rather than aided by exacting terms and formalities not within the spirit of the law.

But if a testamentary declaration before the subscription of the decedent is not a compliance with the act, there is proof in the present case of a testamentary declaration after the subscription. It is true one of the witnesses testifies only to one declaration which she places before, but Dr. Cheeseman very explicitly testifies to two—one before and one after. The latter was this : " I asked Mrs. Rieben if she wished us to be subscribing witnesses to this her last will and testament, and to that she said, ' I do.' " It has been urged before me that this is not a compliance with the act, for the reason that the statement as to the nature of the instrument is connected with the request to the witnesses to attest. Mrs. Rieben having said " I do" to the question put to her, she adopted it, and then the transaction was the same as if she had said " I wish you to be subscribing witnesses to this my last will and testament." I understand the argument to be, that this is not a testamentary declaration, because it is incorporate with the request to the witnesses, and the case of *Lewis* vs. *Lewis*, 1 *Kernan*, 220, is appealed to in support of this doctrine. But in that case there was not a glimpse of proof of subscription or acknowledgment of a

subscription, and the will was not rejected because there was an acknowledgment connected with or involved in some other part of the act, but because there was none at all—and the court would not infer it. The decision of the Court of Appeals was no more than to the effect that when the testator said, " I declare the within to be my free will and deed," but did not exhibit or acknowledge his signature, they would not infer from the declaration, the performance of the statutory requisite of acknowledgment. And so the court held also that the declaration just stated " was equivocal, and would be satisfied by a deed executed voluntarily." But the learned judge who delivered the judgment of the court, used the following language on the subject of a compliance with the statute : " The statute contemplates the subscription or the acknowledgment thereof in the presence of the witnesses, and a publication of the instrument as a will, as two distinct acts, and both are necessary to its due execution ; and being explicit and clear in terms, courts are not authorized to vary it by construction, or to make the one act stand for both." All that is intended by this language as I understand it, is, that a simple acknowledgment by the testator of his signature to a paper does not necessarily contain the necessary testamentary declaration—and *vice versa*, that a simple testamentary declaration does not necessarily contain an acknowledgment of the signature. But that the court by saying the statute required " two distinct acts," intended to lay down the rule that every statutory requisite should be performed *separately* from all others, I cannot believe for a moment. There must doubtless be two acts, and each capable of being distinguished from the other, but the distinction consists in their nature and not in their disconnection by location of language or time. The words " I request you to witness this my last will and testament" do contain two distinct acts—that is, two acts distinct in their quality—one being a request to attest, and the other being an averment of the character of the instrument to be attested. Suppose a testator were to

say to the witnesses, "I acknowledge this to be my name subscribed by me, and declare the instrument to be my last will and testament, and request you to attest it as witnesses," —will it be said that the several requisites are not distinct because one is conjoined with another? The fallacy lies in attaching the necessity of the distinction of the acts to their position instead of their nature. And it is well settled, and no where better expressed than in this very case of *Lewis* vs. *Lewis*, that mere position is nothing,—the judge says, "It is sufficient also if the compliance with the statute be substantial, although not literal; the law looking to the substance of the transaction, and requiring only evidence that all the safeguards against improvidence and fraud prescribed by statute have been substantially preserved, and *disregarding the order of events taking place at the same time as parts of one transaction, and the particular words employed by the actors.*" It is a matter of utter indifference by what language or in what order the testator expresses himself, or whether the necessary ideas to be communicated to the witnesses and to be mutually understood by all the parties, are stated in separate sentences, or separate clauses of the same sentence, or are all involved in one. That would be a refinement as to the interpretation and practical working of a statute, so far as I am aware, without a precedent. Language is merely the vehicle of ideas, and we look, in every act which is the subject of legal control, for the ideas which alone are essential, unless by force of law the very language itself has been made essential. The single question in this class of cases is—has the testator subscribed or acknowledged the will in the presence of the witnesses, made known to them its nature, and requested their attestation, and have the witnesses subscribed their names. Simple performance of any one will not be taken for performance of any other,— but performance of two or more *uno tempore*, is not void because there was a joint or connected performance. If the things required have been done, the *modus in quo* is not ordinarily of the slightest materiality. In the present case,

I find that they were done. The proof is entirely satisfactory on that point. There must therefore be a decree for probate, and the contestants must pay their own costs.