Belding v. Leichardt.

---

BELDING, appellant, v. LEICHARDT *et al.*

*Will — execution of — publication by testator.*

In proceedings to prove a will, the evidence showed that the will was read in the presence of the testator and the subscribing witnesses by a person who, at the time, asked the witnesses to witness the execution. The testator then subscribed the will, and the witnesses at the same time signed their names to attest the execution. *Held,* that there was sufficient proof of the due execution of the will.

Although the request to witness the execution and the publication of a will are distinct acts in their nature, their performance may be joint or connected. A single sentence uttered by the testator may import both a request to attest the execution and a publication.

THIS is an appeal from a decree of the surrogate of the county of New York, admitting to probate the alleged will of Samuel A. Belding, deceased. The facts sufficiently appear in the opinion.

*Albert Day,* for appellant.

*Winchester Britton,* for respondents.

FANCHER, J. This is an appeal from the decree of the surrogate of the county of New York, admitting to probate the will of Samuel A. Belding. The testator, at the time of its execution, was blind as to one eye, and partially so as to the other. He was very ill and feeble. The will was, however, read over to him and corrected according to his directions. One of the attesting witnesses was not examined before the surrogate because of his absence from the State. His presence at the execution of the will, and his signature as an attesting witness, were proved. One of the objections made to the probate of the will is founded upon the absence of any proof that the testator declared to Gallagher, one of the witnesses, that the instrument subscribed by him was his will. Our statute, relative to the execution and attestation of a will, provides that four distinct requirements shall be observed. They are each distinct and essential. The second of these requirements is as follows: 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses.

The testimony shows that the two witnesses to the will were both present at its execution, and is sufficient to warrant the finding that the will was subscribed by the testator in the presence of each of the attesting witnesses. The testimony also establishes the fact, that, after the signature of the testator, the witnesses signed their names at the same time to attest the execution.

The will was read by Mr. Day, who was also present at the time, and the request of the testator was communicated through him to the witnesses at the same time to witness the execution. The witness who was examined testified that the testator had several times spoken to him about the will. He was not, before the execution, acquainted with Gallagher, the other witness, but was introduced to him when, and at the place where, the will was executed and witnessed. The witnesses were then and there requested, as above

Belding v. Leichardt.

stated, to attest the execution, and they did so. From what then transpired, it is deducible that the testator declared the instrument so executed to be his will. Any form of communication by the testator to the witnesses, whereby he makes known to them that he intends the instrument to take effect as his will, is a sufficient publication. *Coffin* v. *Coffin*, 23 N. Y. 15; *Lewis* v. *Lewis*, 11 id. 226.

Although the request to witness the execution and the publication are distinct acts in their nature, their performance may be joint or connected. A single sentence uttered by the testator may import both a request to attest the execution, and a publication of the will. *Rieben* v. *Hicks*, 3 Bradf. 353; *Coffin* v. *Coffin*, 23 N. Y. 17; *Baskin* v. *Baskin*, 36 id. 419.

We think the necessary formalities were observed in the execution, attestation and publication of the will. Some exceptions were taken by the contestant to the exclusion of certain questions that related to the supposed improper attitude of the testator toward the proponent. Whether the questions excluded were answered or not seems immaterial to any issue before the surrogate. He was not trying any question of morals, but was considering the capacity of the testator to make his will, and the statutory formalities required in its execution.

The only other points raised on the appeal relate to the alleged improper influence upon, and the want of capacity of, the testator at the time the will was executed. We have looked through the evidence touching these points, and think there is not sufficient ground for disturbing the findings of the surrogate.

The decree of the surrogate should be affirmed, with costs.

INGRAHAM, P. J., concurred.

BRADY, J. I am inclined to the opinion that the questions growing out of the testimony taken in this matter should be submitted to and passed upon by a jury. The decedent was an old man and a hard drinker. He was exposed, by reason of his habits, infirmities and surroundings, to improper influences, and was sometimes in a condition, more or less continued, which rendered him unfit to dispose of his property. I yield, however, to the opinion of my associates and the surrogate, and concur.

*Decree affirmed.*